TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2740
    Facsimile: (213) 894-0115
    E-mail: john.ellis3@usdoj.gov

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BEHZAD F. NIAKAN,<br><br>    Defendant. | No. 2:21-cv-06672<br><br>Complaint to Reduce Civil Money Penalties to Judgment |

**<u>COMPLAINT</u>**

    The United States of America (United States), on behalf of its agency the Internal Revenue Service (IRS), brings this action to reduce to judgment unpaid civil money penalties owed by Behzad F. Niakan (Niakan). The United States complains and alleges on information and belief as follows.

**Authorization for Suit**

    1.    This action is brought pursuant to 31 U.S.C. § 3711(g)(4)(C) and in accordance with 31 U.S.C. § 5321 at the direction of the Attorney General of the United States and at the request of--and with the authorization of--the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States.

## Jurisdiction and Venue

2. The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because the action arises under the laws of the United States and because the United States is the plaintiff.

3. Venue properly lies in the Central District of California under 28 U.S.C. § 1391(b)(1) because defendant resides in the district.

4. Venue is also proper under 28 U.S.C. § 1396(b)(2) because a substantial part of the events or omissions giving rise to the government's claim in this case occurred in this district.

## Statutory Background

5. 31 U.S.C. § 5314 requires certain United States persons, including United States citizens, to report certain transactions and relationships with foreign financial agencies.

6. Section 5314's implementing regulations require that "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which that relationship exists".

7. The relationship must be reported to the IRS on a reporting form prescribed by the IRS. For the 2013, 2014, 2015, and 2016 calendar years, the prescribed form was FinCEN Form 114, Report of Foreign Bank and Financial Accounts. That form (as well as its predecessor, Form TD-F 90-22.1) is commonly called an "FBAR."

8. For the 2013, 2014, and 2015 calendar years, FBARs were due no later than June 30, 2014, June 30, 2015, and June 30, 2016, respectively.

9. For the 2016 calendar year, FBARs were due no later than April 15, 2017. However, the April 15, 2017, deadline could be extended for a maximum of six months, until October 15, 2017.

10. Under 31 U.S.C. § 5321(a)(5)(A), if any person "violates, or causes any violation of, any provision of section 5314" the Secretary of the Treasury is authorized to

impose an FBAR penalty for that violation.

11. Unless a violation was willful as provided in 31 U.S.C. § 5321(a)(5)(C), the amount any FBAR penalty "shall not exceed $10,000."

12. The $10,000 maximum described in the preceding paragraph is periodically adjusted for inflation. For the 2015 and 2016 calendar years, the inflation-adjusted maximum was $13,247.

13. Under 31 U.S.C. § 5321(b)(1), an FBAR penalty may be assessed "at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed."

### Niakan Failed to Report a Foreign Financial Account

14. Niakan was a United States citizen at all relevant times.

15. During the 2013, 2014, 2015, and 2016 calendar years, Niakan had a financial interest in, signature authority over, and/or otherwise controlled a financial account at Mizrahi-Tefahot Bank Ltd. (Mizrahi-Tefahot), a bank in Israel.

16. During each of the 2013, 2014, 2015, and 2016 calendar years, Niakan's Mizrahi-Tefahot account held more than $10,000.

17. Niakan was required by law to file an FBAR reporting his financial interest in his Mizrahi-Tefahot account for each of the 2013, 2014, 2015, and 2016 calendar years.

18. Niakan did not file a timely FBAR disclosing his Mizrahi-Tefahot account for the 2013, 2014, 2015, or 2016 calendar years.

### Reduction of Assessments to Judgment

19. On or around November 7, 2019, the IRS timely assessed against Niakan a $9,515 FBAR penalty for each of the 2013, 2014, 2015, and 2016 tax years, for a total penalty of $38,060. Each FBAR penalty related to Niakan's undisclosed Mizrahi-Tefahot account.

20. On or around November 19, 2019, notice and demand for payment of the FBAR penalties described in the preceding paragraph was mailed to Niakan at his last-

known address.  Niakan, however, has not paid the penalties.

21. As of July 26, 2021, the unpaid balance owed to the United States by Niakan for the FBAR penalties, including late payment penalties and interest, was $42,549.

22. Interest, as provided by law, has accrued on the penalties assessed against Niakan and remains unpaid.  Late payment penalties have also accrued.

23. The United States is entitled to a judgment against Niakan in the amount of $42,549 plus additional accrued penalties, interest, and fees as provided by law.

WHEREFORE, the United States requests that the Court:

A. Enter judgment against Niakan and in favor of the United States in the amount of $42,549, plus additional accrued penalties, interest, and fees as provided by law;

B. Award the United States its costs in bringing this action; and

C. Order such other relief as justice requires.

Dated:  August 18, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

　 /s/ John D. Ellis
JOHN D. ELLIS
Assistant United States Attorney

Attorneys for the United States of America